# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHASE MALONE, | CASE NO.: 3:21-CV-00053 |
| Plaintiff, | **ACTION FOR DAMAGES** |
| v. | |
| ISLAND TIME WATERSPORTS (CARIBBEAN), LLC d/b/a CRUZ BAY WATERSPORTS and KAREEM BOYNES, | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

**COMES NOW**, Defendant, ISLAND TIME WATERSPORTS, LLC d/b/a CRUZ BAY WATERSPORTS (hereinafter "Cruz Bay Watersports"), by and through undersigned counsel, hereby files his Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

1. Admitted Plaintiffs claim damages in excess of the Court's jurisdictional limits, otherwise denied.
2. Without knowledge, therefore denied.
3. Admitted Defendant is subject to the jurisdiction of this court, otherwise denied.
4. Admitted Defendant is subject to the jurisdiction of this court, otherwise denied.
5. Denied.
6. Denied.
7. Admitted.
8. Denied.

*Chase Malone v. Island time Watersports (Caribbean), LLC, et. al.*
Answer and Affirmative Defenses – Kereem Boynes
Case No.: 3:21-CV-00053
PAGE 2

9. Without knowledge, therefore denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Without knowledge, therefore denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Admitted.

29. Denied.

*Chase Malone v. Island time Watersports (Caribbean), LLC, et. al.*
Answer and Affirmative Defenses – Kereem Boynes
Case No.: 3:21-CV-00053
PAGE 3

30. Denied.

31. Denied.

32. Denied.

## COUNT I
### (Negligence against Kereem Boynes and Cruz Bay Watersports)

33. Defendant, Cruz Bay Watersports, adopts and reasserts all preceding responses, which are incorporated herein by reference.

34. Denied.

35. Denied.

36. Denied, including all subparts (a-d).

37. Denied.

38. Denied.

## COUNT II
### (Negligence against Cruz Bay Watersports)

39. Defendant, Cruz Bay Watersports, adopts and reasserts all preceding responses, which are incorporated herein by reference.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

*Chase Malone v. Island time Watersports (Caribbean), LLC, et. al.*
Answer and Affirmative Defenses – Kereem Boynes
Case No.: 3:21-CV-00053
PAGE 4

## COUNT III
### (Negligent Entrustment against Cruz Bay Watersports)

45. Defendant, Cruz Bay Watersports, adopts and reasserts all preceding responses, which are incorporated herein by reference.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT IV
### (Gross Negligence against Kereem Boynes and Cruz Bay Watersports)

50. Defendant, Cruz Bay Watersports, adopts and reasserts all preceding responses, which are incorporated herein by reference.

51. Denied, including all subparts (a. and b.)

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## **AFFIRMATIVE DEFENSES**

As separate and complete defenses, based on information and belief, Defendant states and sets forth the following defenses and specific denials.

1. Plaintiff has failed to state claims for which relief can be granted.

2. Plaintiff is responsible for his own injuries, losses and damages.

*Chase Malone v. Island time Watersports (Caribbean), LLC, et. al.*
Answer and Affirmative Defenses – Kereem Boynes
Case No.: 3:21-CV-00053
PAGE 5

3. Plaintiff was negligent in failing to keep watch, failing to heed instructions, failing to use available hand-holds and rails, failing to use available cushioning, failing to anticipate the impact of wind, wave, and wakes, and in such other ways yet to be discovered.

4. Plaintiff's claims are the result of neglect by non-parties over whom Defendant had no control over or responsibility for. This includes, without limitation, vessels traversing the same body of water causing wakes precipitating the claims for alleged injuries, losses and damages.

5. Plaintiff's injuries, losses and damages are the result of natural wind, wave and/or tidal action for which Defendant is not responsible.

6. Plaintiff's injuries, losses, and damages are the result of wakes and wave action for which Defendant is not responsible

7. Defendant is a very well qualified vessel operator, who piloted the vessel appropriately for the wind, wave, and sea conditions such that Plaintiff's claims are unfounded and improper. Specifically, the vessel was being piloted with an appropriate look out, the vessel was properly equipped and outfitted with cushioning (that Plaintiff failed to utilize), and the vessel was not being operated too fast for conditions and the wakes, waves, and sea conditions were met in accordance with the standards of good seamanship.

8. Plaintiff's claims are governed by application of maritime law, to the exclusion of state law.

*Chase Malone v. Island time Watersports (Caribbean), LLC, et. al.*
Answer and Affirmative Defenses – Kereem Boynes
Case No.: 3:21-CV-00053
PAGE 6

9. Plaintiff's injuries, losses and damages were pre-existing.

10. Plaintiff's alleged injuries, losses and damages are limited by and to the extent that the injuries, illness and conditions complained about were pre-existing.

11. Plaintiff failed to mitigate his damages, if any; or alternatively Plaintiff mitigated his damages such that any damages should be reduced accordingly.

12. Defendant assert entitlement to a set-off for any and all monies paid, to and/or on behalf of the Plaintiff by non-parties towards any treatment and medical care, as well as any monies received from collateral sources.

13. The claims presented are barred and/or limited by the applicable statute of limitations, the general maritime law, and/or the equitable doctrine of laches, estopple, release and/or waiver.

14. Defendant asserts the liability of non-party tortfeasors should be considered by this Court, and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages. Further, as discovery is on-going, Defendant is presently not able to identify those non-parties at this time, but will do so as discovery progresses.

15. Defendant asserts entitlement to all the protections and limitations available to a vessel owner, including but not limited to Exoneration or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq*.

16. Defendant asserts the vessel was properly outfitted, equipped and manned for the subject voyage.

*Chase Malone v. Island time Watersports (Caribbean), LLC, et. al.*
Answer and Affirmative Defenses – Kereem Boynes
Case No.: 3:21-CV-00053
PAGE 7

17. Defendant asserts the dangers Plaintiff allege were open and obvious such that no duty to warn follows.

18. Plaintiff failed to observe and avoid the open and obvious dangers complained such that his claims are precluded, barred, limited or otherwise circumscribed.

Respectfully submitted,

/s/ Jennifer Miller Brooks
Jennifer (Miller) Brooks, Esq.
V.I. Bar. 1109
jmiller@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, VI P.C.
*Attorney for Defendants*
150 Southeast Second Avenue, Suite #1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following.

Ryan W. Greene, Esq.
VI Bar No. 839
15-B Norre Gade
P.O. Box 1197
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804
ryan@ryan-greene.com