IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHASE MALONE, | ) CASE NO.: 3:21-CV-00053 |
| Plaintiff, | ) ACTION FOR DAMAGES |
| v. | ) JURY TRIAL DEMANDED |
| ISLAND TIME WATERSPORTS (CARIBBEAN), LLC d/b/a CRUZ BAY WATERSPORTS and KEREEM BOYNES | ) |
| Defendants. | ) |

**DEFENDANT'S 16.1 DISCOVERY MEMORANDUM**

Defendants, ISLAND TIME WATERSPORTS (CARIBBEAN), LLC d/b/a CRUZ BAY WATERSPORTS and KEREEM BOYNES (collectively "Defendants"), by and through their undersigned counsel, and pursuant to LRCi 16.1(a) and hereby submit their Discovery Memorandum as follows:

**(1)  a brief statement of the facts underlying the claims or defenses in the action and/or the legal issues in the case:**

**Facts:**

Plaintiff alleges that on or around April 17, 2021, he was one of several passengers on one of Cruz Bay Watersports' vessels, operated by Defendant Kereem Boynes, as Captain, for an outing/boat-day to celebrate the birthday of his friend.[1] Plaintiff and friends boarded the vessel at the National Park Dock at or around 10:00a.m. The passengers, including the Plaintiff, drank large quantities of

---

[1] The subject vessel used on the date of the alleged incident remains in Defendants' fleet and is a 38ft Novurania named Island Chaser.

CASE NO.: 3:21-CV-00053

alcohol throughout the day, both on the boat and at various stops that were made throughout the duration of the trip.

After departing from the National Park Dock, they went to the south side of St. Thomas to Buck Island, where the passengers went swimming and continued drinking. Thereafter, the passengers, including the Plaintiff, stopped at Water Island where they consumed additional alcoholic beverages. Later, the vessel along with all aforementioned parties, went to Charlotte Amalie Harbor, where Plaintiff's group departed for a restaurant to continue drinking shots of alcohol.

On the return, the vessel encountered mild swells during which time Captain Boynes warned the passengers repeatedly that it would be a bit bumpy and that they should all move the back of the vessel. The Plaintiff declined, and refused to heed Captain Boynes' warnings.

Several of the passengers on the boat described the Plaintiff as being "belligerently drunk from the first night of the trip." One written statement regarding the incident stated that the Plaintiff was rude to wait staff and people around him; he was also trying to start bar fights and not caring, "he kept saying he would just call his lawyer." The Plaintiff was confronted about his behavior by the group multiple times during their multi-day trip, including both on and off the vessel throughout the day in question. The passengers state that the Plaintiff was drinking on the morning of the excursion, before the trip even began.

Captain Boynes maintained an appropriate speed during the course of the trip and advised the passengers to take the appropriate safety measures whenever

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 3:21-CV-00053

necessary. The Plaintiff was negligent in failing to keep watch, failing to heed repeated instructions, failing to use available hand-holds and rails, as instructed, failing to use available cushioning, and failing to anticipate the impact of wind, wave, and wakes.

The Plaintiff was intoxicated and was the cause of the alleged incident and his corresponding injuries. Defendants deny any and all liability for Plaintiff's alleged injuries and damages in connection with this incident.

**(2)   a description of all discovery conducted by the party to date:**

The parties have served their Rule 26 Voluntary Disclosures.

**(3)   a description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems, and the party's suggested resolution of the problems:**

Plaintiff's brief mention of an issue regarding production of the relevant Insurance Policy has since been resolved. There are no current discovery problems to date.

**(4)   a description of the party's further discovery needs, including any special needs (e.g., videotape, telephone depositions, or problems with off island witnesses or documents, etc,):**

Defendants will need to depose the Plaintiff and other witnesses to the alleged incident. Due to the COVID-19 pandemic, Defendants intend to take some of the above depositions via videoconference. Defendants will also need to subpoena medical records related to Plaintiff's medical conditions and claimed injuries. The discovery sought by Defendants will be related to the details of the alleged incident, Plaintiff's damages, and Plaintiff's injuries. The Parties have agreed on discovery

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO.: 3:21-CV-00053

completion dates, which are outlined in the Joint Discovery Plan. Defendants will likely need to have Plaintiff seen for at least one compulsory medical examination ("CME") depending on the discovery responses provided.

**(5) The party's estimate of time needed to complete discovery:**

Defendants estimate that fact discovery can be completed on or before March 31, 2022. If additional time is needed, the parties have agreed to inform the court with adequate time so as to adjust/accommodate any deadlines.

**(6) a statement regarding whether expert testimony will be necessary, and the party's anticipated schedule for retention of experts and submission of their reports:**

Defendants expect that liability and damage experts will be necessary. Additionally, Defendants anticipate that Plaintiff will need to be seen for at least one medical examination. The testimony of any medical examination may be sough along with any medical experts listed by the Plaintiff.

**(7) a statement regarding whether there should be any limitation places upon use of any discovery and, if so, the reason the limitation is sought.**

No such limitation sought by Defendants at this time.

Date: September 24, 2021.

                                                Respectfully submitted,

                                                /s/ Jennifer Miller Brooks
                                                Jennifer (Miller) Brooks, Esq.
                                                V.I. Bar. 1109
                                                Zachary Doniger
                                                V.I Bar No. R2117
                                                HAMILTON, MILLER & BIRTHISEL, VI P.C.

CASE NO.: 3:21-CV-00053

*Attorney for Defendants*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
jmiller@hamiltonmillerlaw.com
zdoniger@hamiltonmillerlaw.com
malvarez@hamiltonmillerlaw.com
mburgos@hamiltonmillerlaw.com

CASE NO.: 3:21-CV-00053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following.

/s/ Jennifer Miller Brooks
Jennifer (Miller) Brooks, Esq.

## SERVICE LIST

Ryan W. Greene, Esq.
Law Office of Ryan W. Green
15-B Norre Gade
P.O. Box 1197
St. Thomas, VI 00804
Telephone: (340) 715-5297
Ryan@ryan-greene.com

Joel H. Holt, Esq.
Law Office of Joel H. Holt, Esq. P.C.
2132 Company Street
Christiansted, VI 00820
Telephone: (340) 773-8709
Fax: (340) 773-8677
holivi@aol.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690